# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PETER QUINN ELVIK, )
 )
 Petitioner, )    3:04-cv-0471-GMN-RAM
 )
vs. )
 )
 )    **ORDER**
DON BUNCE, *et al.*, )
 )
 Respondents. )
 )

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. This matter comes before the Court on respondents' motion to dismiss. (Docket #75).

**I. Background and Procedural History**

On September 4, 1995, petitioner Elvik was charged by criminal complaint of one count of open murder with the use of a deadly weapon, a felony in violation of NRS 200.010, NRS 200.020, NRS 200.030, and NRS 193.165; and one court of robbery with the use of a deadly weapon, in violation of NRS 200.380 and 193.165. (Exhibit 1).[1] On September 6, 1995, an amended criminal complaint was filed in which the language of the criminal complaint was amended. (Exhibit 2). On September 27, 1995, a preliminary hearing was conducted after which petitioner was bound over to district court for arraignment on both counsels of the amended criminal complaint. (Exhibit 6). On October 9, 1995, a criminal information was filed charging petitioner with one count of open murder with the use of a deadly weapon, a felony in violation of NRS 200.010, NRS 200.020, NRS 200.030, and NRS 193.165; and one count of robbery with the use of a deadly weapon, a felony in violation of NRS 200.380 and NRS 193.165. (Exhibit 9).

A jury trial was conducted from October 21, 1996, through November 1, 1996.

---

[1] The exhibits referenced in this order were filed by respondents in support of their initial motion to dismiss and are found in the Court's record at Docket #11-20.

1  (Exhibits 42-70).  After presentation of the guilt phase of the trial, the jury found petitioner

2  guilty of first-degree murder with the use of a deadly weapon and robbery with the use of a

3  deadly weapon.  (Exhibit 60).  After presentation of the penalty phase of the trial, the jury

4  imposed a sentence of imprisonment for life with the possibility of parole.  (Exhibit 66).

5           On December 9, 1996, petitioner was sentenced to a minimum of 48 months and a

6  maximum of 150 months in prison for robbery and an additional 48 months minimum and

7  maximum of 150 months in prison for use of a deadly weapon; the sentences to be served

8  consecutive to each other and to the sentence for murder with the use of a deadly weapon.

9  (Exhibit 75).

10          On December 10, 1996, a second amended judgment of conviction was entered in

11  which petitioner was adjudged guilty of Count I, open murder with the use of a deadly

12  weapon.  Petitioner was sentenced to life imprisonment with the possibility of parole and a

13  consecutive sentence of life with the possibility of parole.  Petitioner was also adjudicated

14  guilty of Count II, robbery with the use of a deadly weapon.  Petitioner was sentenced to a

15  minimum of 48 months and a maximum of 150 months in prison for robbery, and a

16  consecutive minimum 48 and maximum 150 months in prison for use of a deadly weapon;

17  such sentences to be served consecutive to the sentence for Count I.  (Exhibit 78).

18          On January 8, 1997, petitioner appealed his conviction to the Nevada Supreme Court.

19  (Exhibits 81 and 96).  On September 2, 1998, the Nevada Supreme Court filed its opinion

20  affirming the district court's judgment in its entirety.  (Exhibit 109; reported at *Elvik v. State*,

21  114 Nev. 883, 965 P.2d 881 (1998)).  Remittitur issued on September 22, 1998.  (Exhibit

22  111).

23          On September 23, 1999, petitioner filed his state post-conviction petition for a writ of

24  habeas corpus.  On September 22 and 28, 2000, the state district court conducted an

25  evidentiary hearing on petitioner's claims.  (Exhibits 132-134).  On December 15, 2000, the

26  district court issued its order denying the petition.  (Exhibit 135).

27          On January 19, 2001, petitioner filed his notice of appeal of the denial of his state

28                                                                    2

1   habeas petition.  (Exhibit 137).  On November 5, 2002, the Nevada Supreme Court issued its

2   order affirming the district court's judgment. (Exhibit 176).  Remittitur issued on December

3   3, 2002.  (Exhibit 178).

4         Petitioner's federal habeas petition was filed in this Court on August 31, 2004.

5   (Docket #2).  Petitioner filed an amended petition on December 13, 2004.  (Docket #8).  On

6   February 10, 2005, this Court issued an order appointing counsel for petitioner.  (Docket

7   #22).  On June 23, 2006, the second amended petition was filed.  (Docket #42).

8         Respondents moved to dismiss the second amended petition.  (Docket #51).  On

9   September 27, 2007, this Court dismissed the second amended habeas corpus petition as

10  untimely.  (Docket #60).  Judgment was entered the same date.  (Docket #61).

11        In a memorandum opinion, filed June 16, 2009, the Court of Appeals for the Ninth

12  Circuit reversed this Court's dismissal of the petition.  (Docket #65).  Specifically, the Court

13  of Appeals held that petitioner is entitled to equitable tolling of the AEDPA statute of

14  limitations, and remanded the action to this Court "to consider the merits of Elvik's petition

15  for habeas corpus."  (Docket #65, at p. 3).  The Court of Appeals issued its mandate on

16  August 4, 2009.  (Docket #68).

17        On October 27, 2009, this Court directed respondents to answer the second amended

18  petition.  (Docket #70).  Respondents have filed a motion to dismiss specific claims in the

19  second amended petition.  (Docket #75).  In the motion, respondents renew certain arguments

20  made in the previous motion to dismiss which were not considered by this Court.

21  **II.  Discussion**

22       **A.  Exhaustion Arguments**

23        Respondents assert that Grounds 2, 3, and 4 of the second amended federal petition

24  are unexhausted and should be dismissed.

25           **1.  Exhaustion Standard**

26        A federal court will not grant a state prisoner's petition for habeas relief until the

27  prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455

28

U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### 2. Ground 2

In Ground 2 of the second amended petition, petitioner asserts that the trial court abused its discretion when it shackled him in the presence of the jury without a hearing and in the absence of cautionary instructions, in violation of petitioner's Fifth, Sixth, and Fourteenth Amendment rights to due process, confrontation, and a fair trial by an impartial jury. Respondents argue that, in state court, petitioner failed to raise a confrontation clause claim under the Sixth Amendment with respect to the shackling. In Ground 1(a) of petitioner's state appellate brief on direct appeal, petitioner argued that the shackling violated his confrontation clause rights. (Exhibit 96, at p. 5). As such, petitioner fairly presented the substance of Ground 2 to the Nevada Supreme Court. Ground 2 of the second amended petition is exhausted and may proceed.[2]

### 3. Ground 3

Ground 3 of the second amended petition reads as follows: "The trial court erred in denying Mr. Elvik's motion to dismiss the robbery count as he was not certified as an adult with respect to that count. As a result, Mr. Elvik was denied his Fifth and Fourteenth Amendment right to equal protection and due process." (Second Am. Pet., at p. 21). Respondents argue that although petitioner set forth the same facts on direct appeal in his appellate brief to the Nevada Supreme Court, petitioner based his legal theory for habeas relief entirely on a state statutory violation of NRS 62.082. (Exhibit 96, at pp. 27-28). The state appellate brief did not invoke petitioner's Fifth or Fourteenth Amendment right to equal protection or due process with regard to the argument that petitioner was not certified as an adult. Because petitioner did not present a claim of constitutional violation to the Nevada Supreme Court regarding this issue, Ground 3 is unexhausted.

In the opposition, petitioner acknowledges that Ground 3 is unexhausted. (Docket #81, at pp. 5-6). Instead, petitioner argues that Ground 3 should be excused from the

---

[2]   Indeed, in their reply brief, respondents acknowledge that Ground 2 of the second amended petition was exhausted in petitioner's direct appeal in the Nevada Supreme Court.

1  exhaustion requirement, because he has no state remedy.  Petitioner argues that if he returned

2  to state court to exhaust the claim, the petition would be time-barred by NRS 34.726(1), the

3  petition would be barred as a successive petition under NRS 34.810, and the petition would

4  be barred by the doctrine of latches under NRS 34.800(2).

5        NRS 34.726 provides that a petitioner may not bring a petition that challenges the

6  validity of a judgment or sentence more than one year after entry of the judgment of

7  conviction, or more than one year after the Supreme Court has issued its remittitur regarding

8  a direct appeal, "unless there is good cause shown for the delay."  Furthermore, the statute

9  goes on to clarify that "good cause" exists if the petitioner can demonstrate to the court "(a)

10  that the delay is not the fault of petitioner; and (b) that dismissal of the petition as untimely

11  will unduly prejudice the petitioner."  Petitioner can overcome the time limit in NRS 34.726

12  by demonstrating good cause.  Petitioner's chance of obtaining a review of the merits of his

13  unexhausted claim in state court is unknown.  To simply accept the assertion that petitioner

14  would be procedurally defaulted upon his return to state court "would be to ignore the twin

15  purposes of the exhaustion doctrine . . . (1) the consideration due a sovereign State's court's

16  efforts to right federal constitutional wrongs and (2) the advantage, on federal habeas review,

17  of a record fully developed in prior habeas proceedings in the state system." *Sechrest v.*

18  *Ignacio,* 943 F. Supp. 1245, 1252 (D. Nev. 1996) (*citing Harris v. Reed,* 489 U.S. 255, 268-

19  269 (1989)).  As in *Sechrest,* this Court will not assume that petitioner could not persuade the

20  Nevada Supreme Court to reach the merits of his unexhausted claim.  This Court concludes

21  that Ground Three is unexhausted and rejects petitioner's argument that there is an absence

22  of any available state corrective process for exhaustion.

23              **4. Ground 4**

24        In Ground 4, petitioner claims his Fifth Amendment right against double jeopardy was

25  violated when he was prosecuted and convicted for both felony murder and robbery with a

26  deadly weapon.  Respondents point out that on direct appeal, petitioner presented the same

27  facts as Ground 4.  (Exhibit 96, at pp. 27-28).  However, petitioner's claim on direct appeal

28                                          6

was based on a statutory violation of NRS 62.082.  Petitioner did not raise the issue of double

jeopardy until he filed his reply brief on direct appeal.  (Exhibit 105, at pp. 23-24).

Exhaustion may not be effectuated by a procedurally defective means.  *Ex parte Hawk*, 321

U.S. 114 (1994); *Castille v. Peoples*, 489 U.S. 346 (1989).  The Nevada Supreme Court will

not consider issues raised for the first time in a reply brief.  *See Browning v. State*, 120 Nev.

347, 368, n. 53 (2004) ("NRAP 28(c) does not allow the raising of new claims in reply

briefs; it limits a reply brief to addressing new matters raised in the answering brief.").

Petitioner presented his double jeopardy claim by a procedurally defective means when he

raised the issue for the first time in the reply brief.  The Nevada Supreme Court addressed

petitioner's statutory violation claim, but did not address the double jeopardy claim made in

the reply.  (Exhibit 109, at p. 13).  As such, Ground 4 of the second amended petition is

unexhausted.

In petitioner's opposition, he appears to acknowledge that Ground 4 is unexhausted,

arguing that the claim should be reviewed on the merits because exhaustion would be futile.

(Docket #81, at pp. 7-9).  Petitioner argues that "'circumstances exist that render [Nevada

procedure] ineffective to protect [the Petitioner's] rights" under 28 U.S.C.

2254(b)(1)(B)(ii).'"  (*Id.*, at p. 9).  Petitioner asserts that two Nevada cases have upheld the

position that, under Nevada's felony murder rule, separate penalties for the underlying felony

and first degree murder do not run afoul of the double jeopardy clause.  *See State v.

Contreras*, 46 P.3d 661, 664, n.15 (Nev. 2002), citing *Talancon v. State*, 721 P.2d 764 (Nev.

1986).  Petitioner argues that "the Nevada Supreme Court will not change its position on this

federal claim."  (*Id.*).

The Court rejects petitioner's argument.  In the instant case, the Nevada Supreme

Court's decision in petitioner's case does not indicate that it considered the double jeopardy

claim on the merits.  (Exhibit 109, at p. 13).  The Nevada Supreme Court's opinion was

based on the certification statute in NRS 62.080(2)(b).  There was no analysis of double

jeopardy in the opinion.  (Exhibit 109).  The Nevada Supreme Court did not dispose of

1   petitioner's double jeopardy claim on the merits.  Therefore, petitioner cannot now argue that

2   exhausting the claim is futile because the Nevada Supreme Court will not change its mind.

3   Ground 4 of the second amended petition is unexhausted, and petitioner's futility argument is

4   rejected.

5          **B.  Procedural Bar Regarding Ground 4**

6          "Procedural default" refers to the situation where a petitioner in fact presented a claim

7   to the state courts but the state courts disposed of the claim on procedural grounds, instead of

8   on the merits.  A federal court will not review a claim for habeas corpus relief if the decision

9   of the state court regarding that claim rested on a state law ground that is independent of the

10  federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722,

11  730-31 (1991).

12          The *Coleman* Court stated the effect of a procedural default, as follows:

13          In all cases in which a state prisoner has defaulted his federal
            claims in state court pursuant to an independent and adequate state
14          procedural rule, federal habeas review of the claims is barred
            unless the prisoner can demonstrate cause for the default and actual
15          prejudice as a result of the alleged violation of federal law, or
            demonstrate that failure to consider the claims will result in a
16          fundamental miscarriage of justice.

17  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The

18  procedural default doctrine ensures that the state's interest in correcting its own mistakes is

19  respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.

20  2003).

21          To demonstrate cause for a procedural default, the petitioner must be able to "show

22  that some *objective factor external to the defense* impeded" his efforts to comply with the

23  state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the

24  external impediment must have prevented the petitioner from raising the claim.  *See*

25  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).   With respect to the prejudice prong of cause

26  and prejudice, the petitioner bears "the burden of showing not merely that the errors

27  [complained of] constituted a possibility of prejudice, but that they worked to his actual and

28                                                      8

substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Respondents argue that because petitioner attempted to exhaust his double jeopardy claim by the procedurally defective means of raising the claim in his reply brief on direct appeal, Ground 4 would be procedurally barred if petitioner returned to state court to exhaust the claim.  This Court declines to assume, as respondents do, that Ground 4 would be procedurally defaulted by the Nevada state courts.  Because there has been no procedural default in state court, any discussion of cause and prejudice is premature.  Respondents' motion to dismiss Ground 4 as procedurally barred is denied.

### C.  Grounds 3, 6, and 8 are Cognizable

#### 1.  Ground 3

Ground 3 of the second amended petition reads as follows: "The trial court erred in denying Mr. Elvik's motion to dismiss the robbery count as he was not certified as an adult with respect to that count.  As a result, Mr. Elvik was denied his Fifth and Fourteenth Amendment right to equal protection and due process."  (Second Am. Pet., at p. 21). Respondents argue that Ground 3 is not cognizable because the claim is based on certification under former NRS 62.082, a state law.

Federal habeas corpus relief is available only to seek relief from custody that is in violation of the Constitution, laws, or treaties of the United States, but not state law questions.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  However, where an error of state law infects the entire trial, so that the resulting conviction violates due process, the claim is cognizable in federal habeas corpus proceedings.  *Estelle v. McGuire*, 502 U.S. at 72.

In Ground 3 of the federal petition, petitioner contends that the trial court's failure to certify him as an adult under former NRS 62.082 violated his Fifth and Fourteenth Amendment rights to equal protection and due process.  Because petitioner contends that an error in the application of state law infected the entire trial such that the conviction violated due process, petitioner states a cognizable federal habeas corpus claim.  *See Estelle v. McGuire*, 502 U.S. at 72.  This Court declines to dismiss Ground 3 at this juncture.  However, as discussed earlier in this order, Ground 3 is unexhausted.

### 2.  Ground 6

In Ground 6 of the second amended petition, petitioner claims that admission of incriminating statements through the testimony of petitioner's girlfriend violated his Fifth, Sixth, and Fourteenth Amendment constitutional right to due process and a fair trial.  Petitioner asserts that the improper evidentiary ruling so infected the trial that the conviction violates his due process rights.  Because petitioner contends that the state court evidentiary ruling infected the entire trial such that the conviction violated due process, petitioner states a cognizable federal habeas corpus claim.  *See Estelle v. McGuire*, 502 U.S. at 72.  This Court declines to dismiss Ground 6 at this juncture.

### 3.  Ground 8

Petitioner alleges that his Fifth and Fourteenth Amendment right to due process was violated when the trial court refused to give a proposed jury instruction on knowledge of wrongfulness.  As with Grounds Three and Six, because petitioner contends in Ground 8 that the jury instruction error infected the entire trial such that the conviction violated due process, petitioner states a cognizable federal habeas corpus claim.  *See Estelle v. McGuire*, 502 U.S. at 72.  This Court declines to dismiss Ground 8 at this juncture.

### D.  Petitioner's Options Regarding Unexhausted Grounds 3 and 4

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and

unexhausted claims is subject to dismissal. *Id.*  In the instant case, the Court finds that

Grounds 3 and 4 are unexhausted.  Because the Court finds that the petition is a "mixed

petition," containing both exhausted and unexhausted claims, petitioner has these options:

> 1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.   He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v.*

*Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other

appropriate relief from this Court, will result in his federal habeas petition being dismissed.

Petitioner is advised to familiarize himself with the limitations periods for filing federal

habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a

direct and substantial effect on whatever choice he makes regarding his petition.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #75)

the second amended petition is **GRANTED in part, and DENIED in part**, as follows:

1. Ground 2 is exhausted.

2. Grounds 3 and 4 are unexhausted.

3. The motion to dismiss Ground 4 as procedurally barred is **DENIED.**

4. Grounds 3, 6, and 8 state cognizable federal habeas corpus claims and the

motion to dismiss these grounds is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either:

**(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon

the unexhausted grounds for relief in his federal habeas petition and proceed on the

exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the second amended petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 4th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge

12