UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER QUINN ELVIK,<br><br>                 Petitioner,<br>v.<br>DON BUNCE, et al.,<br><br>                 Respondents. | Case No. 3:04-cv-00471-GMN-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Respondents' Motion for Relief from Judgment (ECF No. 157). For the reasons discussed below, Respondents' motion is granted in part and denied in part.

**Background**

On December 5, 2013, the Court conditionally granted Ground Eight of Petitioner Peter Quinn Elvik's second amended petition for writ of habeas corpus (ECF No. 100), vacating the judgment of conviction and ordering that Elvik be released from custody within 30 days of judgment, if affirmed, or the expiration of the periods for seeking such appeal or review, unless the State files in this matter a written notice of election to retry petitioner within the thirty-day period and thereafter commences jury selection in the re-trial within one hundred twenty (120) days following the filing of the notice of election to retry petitioner.

The Court has granted seven requests to extend the time to retry Elvik over a period of four years. (ECF Nos. 140, 142, 144, 146, 149, 151, 153, and 155.) A jury trial was set to commence on April 20, 2021. (ECF No. 157-1.) Elvik failed to appear for a status conference and the state court vacated the trial upon the parties' stipulation. (*Id.*) The state court issued a bench warrant for Elvik's arrest. (ECF No. 157-2.)

**Discussion**

Respondents request that the Court issue an order that the judgment in this case is

"'satisfied' or 'discharged' or that 'applying it prospectively is no longer equitable' under Fed. R. Civ. P. 60(b)(5), by relieving the state of the need to commence jury selection within a certain timeframe when retrying Elvik." (ECF No. 157 at 1.) In the alternative, Respondents request a 365-day extension to commence jury selection. (*Id.*) Elvik argues that his actions have not inhibited the efforts of the State to retry him over the period of four years in which continuances were granted for trial preparation, negotiations, appeal to the Nevada Supreme Court, and due to COVID-19. (ECF No. 160 at 2-3.) Elvik asserts that it is not "substantially more onerous" to proceed with an extension of time to retry Elvik as has been done previously. (*Id.*)

When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  Courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry the petitioner. *See, e.g., Wilkinson v. Dotson,* 544 U.S. 74, 89 (2005) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); *Herrera v. Collins,* 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.") "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give states time to replace an invalid judgment with a valid one." *Wilkinson*, 544 U.S. at 87. *See also Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008).

The Ninth Circuit has held that a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed. *Harvest*, 531 F.3d at 744. "Logically, the equitable power of the district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." *Id*. (citing *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002). Such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60. *Harvest*, 531 F.3d at 745.

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Under Rule 60(b)(5), modification of the conditional writ is warranted if there is "a significant change either in factual conditions or in law." *Harvest*, 531 F.3d at 748; *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 384 (1992). Modification may be warranted when the State proves that there has been an intervening change in law or demonstrates that the petitioner's actions have inhibited the efforts of the State to retry or resentence the petitioner. *Harvest*, 531 F.3d at 748-49; *(citing Gibbs v. Franks*, 500 F.3d 202, 208-09 (3rd Cir. 2007) (granting the Commonwealth's motion to modify the conditional writ when the Commonwealth demonstrated that the petitioner was at least partially at fault for the delay).

Here, Elvik failed to appear for a status conference prior to the date trial was set to commence and his whereabouts remain unknown. The State cannot retry Elvik without his presence and Elvik's failure to appear constitutes a legitimate reason for the delay in retrying Elvik. The Court, however, declines to relieve Respondents from their obligation to commence jury selection within a specific time period in its entirety. As the state district court issued a bench warrant for Elvik's arrest, upon Elvik's arrest and an initial appearance before the state court pursuant to the bench warrant,[1] the State will be required to file a written notice of election to retry Petitioner within 45 days and thereafter commence jury selection in the re-trial within 120 days following the filing of the notice of election to retry Petitioner. Accordingly, Respondents' motion is granted in part. To the extent that Petitioner is ultimately arrested and makes his initial appearance before the state court pursuant to the bench warrant, the State will be required to file a written notice of election to retry Petitioner within 45 days and thereafter commence jury selection in the re-trial within 120 days following the filing of the notice of election to retry Petitioner.

---

[1] *See* ECF No. 157-2.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion for Relief from Judgment (ECF No. 157) is GRANTED IN PART AND DENIED IN PART as follows:

    a. To the extent that Petitioner is ultimately arrested and makes his initial appearance before the state court pursuant to the bench warrant, the State will be required to file a written notice of election to retry Petitioner within 45 days and thereafter commence jury selection in the re-trial within 120 days following the filing of the notice of election to retry Petitioner.

2. The Clerk of the Court is directed to send a copy of this order to the Clerk of the First Judicial District Court and to the District Attorney of Carson City in connection with the court's case no. 95-10799C.

DATED this 3 day of November 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE